IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 14-40 |
| | ) Judge Nora Barry Fischer |
| MICHAEL TYRONE WALLER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

Presently before the Court are the remainder of Defendant Michael Tyrone Waller's Pretrial Motions, including his: Motion for Government to Produce Statement Made by Witnesses, (Docket No. 23); Motion for *Brady* Material, (Docket No. 30); Motion to Preserve and Produce Government Agents, State and Local Law Enforcement Officers Rough Notes, (Docket No. 53); and Motion to Take Judicial Notice FED.R.EVID. 201, (Docket No. 81), all of which the Government opposes. Upon consideration of all of the parties' submissions, the evidence of record, their arguments, and for the following reasons, Defendant's Motion for Government to Produce Statement Made by Witness, (Docket No. 23), Motion to Take Judicial Notice, (Docket No. 81), Motion for *Brady* Material, (Docket No. 30), and Motion to Preserve and Produce, (Docket No. 53), are denied.

Having previously set forth at length the procedural history and relevant facts in this case in its rulings on Defendant's other pretrial Motions, the Court does not repeat same herein. *See* (Docket Nos. 61, 84). As to the remaining Motions pending before this Court, on April 23, 2014, Defendant filed the Motion for Government to Produce Statement, (Docket No. 23), to which the Government responded on April 28, 2014, (Docket No. 28). Then, on May 7, 2014, he filed the *Brady* Motion, (Docket No. 30). The Court convened Argument on same on April 24, 2014,

1

however this matter was continued, at Defendant's request, until May 30, 2014, (Docket Nos. 26, 32). The official transcript of the May 30, 2014 proceeding was filed and has been reviewed by this Court. (Docket No. 41). The Court then held a Hearing on Defendant's Motion to Dismiss the Indictment on July 23, 2014, (Docket No. 47), and the official transcript has been filed and reviewed by this Court. (Docket No. 51). The parties engaged in argument, and Defendant testified and indicated that he wished to call AUSA Lenhardt to the stand. (7/23/14 Tr. at 2:20-23, 10:17-20). The Court continued the proceeding until August 22, 2014 to accommodate said request.

On August 8, 2014, Defendant filed his Motion to Preserve and Produce Government Agents, State and Local Law Enforcement Officers Rough Notes, (Docket No. 53). The Government responded on August 18, 2014, (Docket No. 55). The Court heard Argument on same at the August 22, 2014 Hearing (Docket No. 56), and the Court has reviewed the official transcript of that proceeding. (Docket No. 71).

Defendant then filed his latest Motion, a Motion to Take Judicial Notice on November 4, 2014, (Docket No. 81).[1] The Court would be remiss if it did not reiterate that Defendant continues to file pretrial motions, (Docket Nos. 72, 81), despite this Court's August 22, 2014 Order to stop doing so. (Docket No. 57) ("Defendant shall not file any further Pretrial Motions, as the Defendant's deadline for the filing of those Motions was March 31, 2014, and he has not moved for an extension of time for same."). Nonetheless, the Government responded to his latest Motion on November 12, 2014. (Docket No. 83). Defendant's Reply to same was due on

---

[1] The Court construes said *pro se* Motion as a Motion for Reconsideration and a Motion to Dismiss for a Speedy Trial Act Violation. Thus, the Court addresses it in that fashion, *infra*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding *pro se* complaint to less stringent standards than formal pleadings drafted by a lawyer); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992) ("We must construe the allegations in Day's pro se petition liberally, and we may not subject his petition to the standards that we would apply to pleadings drafted by lawyers."); *United States v. Swint,* 2007 WL 675340, at *4 (E.D. Pa. Feb. 27, 2007) ("Because defendant filed the instant Motion for Reconsideration *pro se*, the Court will construe defendant's arguments liberally.") (citing *Haines*).

November 26, 2014; however, he did not reply.[2] As these matters have been fully briefed, heard, and argued, they are all ripe for disposition.

## II. MOTION TO PRODUCE STATEMENTS UNDER RULE 26.2

As the parties are well aware, Defendant has repeatedly sought production of the statement made by the witness with the initials R.N., who allegedly provided a lead which was used, in part, by officers to arrest Defendant as to the pending prosecution. (Docket Nos. 61, 84). In the present Motion, Defendant moves for production of R.N.'s statements under Federal Rule of Criminal Procedure 26.2 / Jencks Act materials. (Docket No. 23). Pursuant to same:

> **After** a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

FED. R. CRIM. P. 26.2 (emphasis added). It is settled that there is no authority by which this Court can order the Government to provide Jencks Act materials to Defendant until after a Government witness has testified on direct examination at trial. 18 U.S.C. § 3500(b) ("After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use."); *United States v. Maury*, 695 F.3d 227, 247-48 (3d Cir. 2012) (citing § 3500(b)); *see also United States v. Yawson*, 2014 WL 3401663, at *5 (W.D. Pa. July 10, 2014)

---

[2] As such, this Court took the matter under advisement on November 27, 2014.

(same). Assistant United States Attorney Ross Lenhardt ("AUSA Lenhardt") has properly agreed to produce to Defendant all Jencks material after R.N. testifies. (5/30/14 Tr. at 116:10-21).

Even more, at the July 23, 2014 Hearing, Defendant testified that he understood the Jencks Act as follows:

> Q [AUSA Michael Ivory]. Are you familiar with the Jencks Act, sir?
> A [Defendant]. Yes.
> Q What can you tell me about the Jencks Act?
> A. That certain evidence can be withheld until after the trial, if it's Jencks material.
> Q. Under the Jencks Act?
> A. Yes.
> Q. That's whenever the government has to give a defendant the government's witness statements. Typically, under the Jencks Act, the way that the act is written, it normally doesn't happen until after that witness testifies on direct examination?
> A. Yes.

(7/23/14 Tr. at 18:14-19:1).

In consideration of the above, to the extent this Motion seeks production of Jencks material, said Motion is denied at this time.

As to Defendant's request for relief under Rule 26.2(f), it specifically defines the term "statement" of the witness to include only three classes of materials:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
> (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

FED.R.CRIM.P. 26.2(f). The Court heard credible testimony from Officer Obsenica that prior to Defendant's arrest on the night in question, R.N. provided an oral statement to Officer Dustin Rummel and him, upon which the officers relied in forming their basis for Defendant's arrest. (Docket No. 61 at 2-5); (5/30/14 Tr. at 62:10-18, 75:5-14). Ultimately, the statement was also

4

incorporated into Officer Obsenica's police report. (5/30/14 Tr. at 60:23-61:20). Defendant cross-examined Officer Obsenica about said report and what R.N. told the officers. (5/30/14 Tr. at 66:23-71:21). As Defendant well knows, R.N. has not testified in any proceeding in this case to date. As such, his oral statement to the officers clearly does not fall within the ambit of Rule 26.2(f). Further, the Court has found above that it is not producible at this time as Jencks material. The Court also notes that, relative to the police report, Defendant has had same in his possession since AUSA Lenhardt provided same to him at the March 13, 2014 Initial Appearance.[3] (Docket Nos. 10, 55 at 1). Finally, Defendant has not provided this Court with any reason to find that any other statement contemplated by Rule 26.2 exists.

In light of the above, the Court finds Defendant's Rule 26.2 motion to be without merit. Accordingly, Defendant's Motion to Produce Statement Made by Witness, (Docket No. 23) is denied.

### III. MOTION FOR *BRADY* MATERIAL

---

[3] AUSA Lenhardt informed the Court of the following at the August 22, 2014 Hearing:
> As I pointed out in my filing in that regard [*Brady* and Jencks materials], the defendant is not entitled to Jencks material until after the witness is called on direct. Nonetheless, I provided him with the police reports in this matter that are potentially Jencks. Not only before the witness has testified and not only at the time of his arraignment, which is what is required for other types of Rule 16 material, but I have actually provided them to him the first time that he appeared in federal court. At the time of his initial appearance, he signed a receipt for those items and I filed that with the Court [(Docket No. 10)]. So as I indicated, Your Honor, I have not only provided the defendant what he would ultimately be entitled to, but I provided him with much more than that much earlier than he is entitled to it. I had previously indicated to the Court that what is relevant at the suppression hearing is not any information that would have come from a subsequent interview or testimony of the eyewitness because that would not be relevant to whether the police had enough justification to stop Mr. Waller at the time, it would be just the information known to the police at the time of the stop. So, I did provide the defendant with a copy of the police report that regarded that statement and as I noted, I did it at the time of his initial appearance. I have not provided him with any subsequent interviews, nor testimony of that witness because it is not required under the Jencks Act. If that witness is called to the stand at the trial of the defendant, he will receive those items. If that witness does not testify, then he will not. I am aware of the Supreme Court's decision in Brady. I don't know what he's asking me for.

(8/22/14 Tr. at 84:11-85:14).

Defendant's *Brady* Motion contains another request for R.N.'s statement. (Docket No. 30 at 1-2). The law on *Brady* is well-settled in the Third Circuit. As such, this Court "has general discretionary authority to order the pretrial disclosure of *Brady* material 'to ensure the effective administration of the criminal justice system.'" *United States v. Starusko,* 729 F.2d 256, 261 (3d Cir. 1984) (quoting *Higgs*, 713 F.2d at 44, n. 6). "Under *Brady* [*v. Maryland*, 373 U.S. 83 (1963)], the government has an obligation to disclose all evidence that is favorable to the accused and material either to guilt or punishment." *United States v. Suastegui*, 529 Fed.App'x. 129, 131–32 (3d Cir. 2013), *cert. denied*, — U.S. —, 134 S.Ct. 353 (2013). "Evidence is 'material' if there is a reasonable probability that, 'had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Maury*, 695 F.3d 227, 249 (3d Cir. 2012) *cert. denied*, — U.S. —, 133 S.Ct. 1600 (2013) (quotation omitted). "Material evidence can include evidence that may be used to impeach a witness." *United States v. Friedman*, 658 F.3d 342, 358 (3d Cir. 2011) (citation omitted). However, "it is difficult to analyze, prior to trial, whether potential impeachment evidence falls within Brady without knowing what role a certain witness will play in the government's case." *Starusko*, 729 F.2d at 261.

The law is firmly established that "[n]o denial of due process occurs if *Brady* material is disclosed to [a criminal defendant] in time for its effective use at trial." *United States v. Higgs,* 713 F.2d 39, 44 (3d Cir. 1983), *cert. denied,* 464 U.S. 1048 (1984). Further, "the government is not obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself." *Starusko,* 729 F.2d at 262 (internal quotation omitted). The Court of Appeals has also recognized that it is "unwise to infer the existence of *Brady* material based on speculation alone." *United States v. Ramos,* 27 F.3d 65, 71 (3d Cir. 1994); *see also United States v. Havey,* 227 Fed.App'x. 150, 154 (3d Cir. 2007) (quoting same).

In this Court's opinion, the Government is correct in noting that Defendant has been provided with discovery, including *Brady* material beyond what would ordinarily be required at this stage of the prosecution. (Docket No. 10) (listing Local Rule 16 material produced to Defendant on March 13, 2014); (Docket No. 55 at 1) ("Although not required at that point, the government provided the defendant with discovery items within the purview of Local Rule 16.1, and also provided him with materials above and beyond that required by that Rule. These additional materials included the only police report generated as a result of the statements of the civilian male witness made prior to the traffic stop of the defendant.").

At the August 22, 2014 hearing, the parties presented argument on the issue of production of *Brady* material. (8/22/14 Tr. at 83-92). During same, in this Court's estimation, Defendant confused Jencks material with *Brady* material. (8/22/14 Tr. at 84:3-87:12); *See* note 3, *supra*. To that end, the Government clarified that it did not have in its possession any exculpatory evidence that would demonstrate that Defendant was not in possession of the charged firearm as set forth in the Indictment. (8/22/14 Tr. at 86:21-87:2). The Government also advised that it understands its *Brady* obligations. (8/22/14 Tr. at 85:12-13). The Court accepts the Government's statement to this effect. Moreover, this Court informed counsel and Defendant that if this case goes to trial, there will be a detailed pretrial order setting forth deadlines for disclosures by the Government and Defendant. (8/22/14 Tr. at 86:4-10). In fact, an appropriate Order follows this Memorandum Opinion scheduling a Status Conference to set this matter for trial, during which said pretrial order will be built and entered.

In light of the above, Defendant's Motion for Brady Material, (Docket No. 30), is denied.

**IV. MOTION TO PRESERVE AND PRODUCE GOVERNMENT AGENTS, STATE AND LOCAL LAW ENFORCEMENT OFFICERS' ROUGH NOTES**

Defendant claims that he is entitled to the rough notes of all government officers and agents who investigated the incident which led to his arrest, and he requests that they retain and preserve same. (Docket No. 53 at 2). In its response, the Government agrees, as follows:

> Even if the current motion is denied, the government will voluntarily request that all officers involved in the current investigation preserve any rough notes, rough reports and final reports, copy them, and provide them to the government. Those materials will be reviewed by the government to determine whether they contain exculpatory evidence which the government is required to turn over to the defendant under the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963). In addition, the government will voluntarily, during the week before trial, submit them to this Court for the purpose of an in camera review.

(Docket No. 55 at 4). Apart from the Government's consent, this Court acknowledges that the United States Court of Appeals for the Third Circuit has long required the Government to retain notes and writings. *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994); *United States v. Ammar*, 714 F.2d 238, 258-59 (3d Cir. 1983) (same). In light of the controlling law, the Government's consent and the Court's forthcoming pretrial Order setting deadlines for disclosures, Defendant's Motion, (Docket No. 53), is denied.

V.  **MOTION TO TAKE JUDICIAL NOTICE**

Defendant also challenges this Court's denial of Defendant's Motion to Suppress, (Docket No. 61), in his Motion to take Judicial Notice, (Docket No. 81). Given his *pro se* status and the allegations contained therein, the Court construes same, in part, as a Motion for Reconsideration of its August 29, 2014 Memorandum Opinion denying his Motion to Suppress. (Docket No. 61). The Court addresses Defendant's Motion seeking reconsideration, as filed on

November 4, 2014, despite its Practices and Procedures, which require such Motion to be filed within seven (7) days of the issuance of this Court's ruling.[4]

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.,* 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey,* 2011 WL 748152, at *2 (W.D.Pa. Feb.15, 2011) (citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, *see Berry v. Jacobs IMC, LLC,* 99 F. App'x 405, 410 (3d Cir. 2004).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Perminter*, 2012 WL 642530, at *3 (W.D. Pa. Feb. 28, 2012) (citing *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Hoey,* 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party had the opportunity to raise before the Court's decision, *see United States v. Dupree,* 617 F.3d 724, 732–33 (3d Cir. 2010) (quotations omitted). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey,* 2011 WL 748152, at *2.

---

[4] *Practices and Procedures of Judge Nora Barry Fischer*, § II.M. (eff. Feb. 5, 2013), http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf

In the instant motions practice, Defendant has not presented an intervening change in the controlling law, any new evidence, or any need for this Court to correct a clear error of law or fact or to prevent a manifest injustice. *Perminter*, 2012 WL 642530, at *3 (citations omitted). Thus, to the extent that Defendant seeks reconsideration, said Motion is denied.

In Defendant's Motion for Judicial Notice, he also asks that this Court take notice of the following:

- that City of Pittsburgh Police Department Officers fabricated R.N., a witness who gave the officers the information that two vehicles were involved in a shooting, with one being a red Malibu, (Docket No. 81 at 1);
- that the police report did not have a description of these vehicles, (*Id.*);
- that the radio broadcast did not provide a description of one of these vehicles, (*Id.* at 2);
- that twelve months later a description of the vehicle in question materialized, (*Id.*);
- that fifteen months later a police officer was able to provide a description of the vehicle in question, (*Id.*);
- that AUSA Lenhardt committed and suborned perjury in a written response to one of Waller's pretrial motions, (*Id.* at 2-3);
- that City of Pittsburgh Police officers testified that the witness never reported the red Malibu or that its passengers fired any shots, (*Id.* at 3);
- that the Fourth Amendment to the U.S. Constitution prohibits illegal searches and seizures, (*Id.*);
- that the search and seizure of Defendant was without a warrant, probable cause, or reasonable suspicion in violation of the Fourth Amendment, (*Id.* at 3-4);
- that AUSA Lenhardt perjured himself during the hearing on Waller's motion to dismiss for vindictive prosecution, (*Id.* at 4); and
- that this Court denied him the equal protection of the law under the Fourteenth Amendment in holding that the burden was on him to challenge that the witness existed, (*Id.* at 5).

Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned." FED.R.EVID. 201(b); *See, e.g. Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (same) (citing FED.R.EVID. 201)); *see also Orabi v. Att'y Gen. of the United States*, 738 F.3d 535, 537 at n. 1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.") (citations omitted); *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (holding that a court may take judicial notice of another court's proceedings, another court's opinion, and a transcript or a prior proceeding before another court); *Yeboah v. U.S. Dep't of Justice*, 345 F.3d 216, 222 n.3 (3d Cir. 2003) ("We take judicial notice that several bills are pending in Congress that may alter the role of the INS in determining eligibility for SIJ proceedings by establishing the Office of Children's Services. . . ").

Defendant's allegations that AUSA Lenhardt committed perjury, that the involved officers fabricated the existence of R.N., and that his Fourth and Fourteenth Amendment rights were violated, are not facts within the purview of FED.R.EVID. 201. Therefore, they cannot be judicially noticed. Rather, as the Government points out, they are accusations, legal argument, or proposed legal conclusions. (Docket No. 83 at 3). Further, other than his own beliefs about what occurred, Defendant does not provide any evidence or cite to any source in support of these claims.

As to his contention that the vehicle stop was invalid without the information supplied by R.N., (Docket No. 81 at 3-4), this Court again points to its Opinion on Defendant's Motion to Suppress. (Docket No. 61). In said Opinion, the Court found that Officer Obsenica spoke with a male witness with the initials R.N. who told Officer Rummel and him the following:

> 1. He was at the bar until 1:50 a.m., at which time he walked to his vehicle in the parking lot. (Tr. at 62:10–13) (Officer Obsenica Testifying);
> 2. He heard about five gunshots, and observed a red Chevrolet Malibu and a black-colored vehicle parked in front of Baker's Dairy. (Tr. at 62:13–15) (Officer Obsenica Testifying);

11

> 3. He heard the shots and turned to look in the direction where he believed they came from, which was toward Baker's Dairy, where he saw the two vehicles. (Tr. at 71:5–14) (Officer Obsenica Testifying); and
> 4. He observed two black males in that area, and the two vehicles fled at a high rate of speed down Hamilton Avenue, with one turning left and one turning right. (Tr. at 62:15–18) (Officer Obsenica Testifying).

(Docket No. 61 at 2-4). The Court held that the officers had reasonable suspicion to stop the vehicle based, in part, on this information supplied by R.N. *Id.* at *10. As the Government correctly points out, this Court's findings as to R.N. were based squarely on admissible evidence at a suppression hearing. (Docket No. 83 at 4). The parties had an opportunity to, and did, present evidence, cross-examine witnesses, and engage in argument on Defendant's Motion to Suppress. (Docket Nos. 18, 20, 25, 26, 27, 32, 33, 41, 44, 52).

Turning to Defendant's argument that this Court placed a burden on him to prove that R.N. existed, said argument is plainly incorrect; thus, it is without merit. (Docket No. 81 at 5). The Court did not place such a burden on Defendant. Rather, it placed the burden on the Government to prove "by a preponderance of the evidence that the search fell within one of the recognized exceptions to the warrant requirement." (Docket No. 61 at 13). To that end, the Government presented substantial evidence as to R.N.'s existence and statement, and the Court accepted such evidence over Defendant's objection, argument, and despite cross-examination of Officer Obsenica. (Docket No. 61 at 17).

Further, as the Government argues, (Docket No. 83 at 7-8), to the extent that Defendant's argument can be construed as an objection to testimonial or documentary evidence previously admitted at the suppression hearings, such a claim must likewise be denied. In addition to his claims of AUSA Lenhardt's perjury, Defendant requests that the Government produce evidence demonstrating the authenticity of the Government's Exhibit 2, the compact disc containing

recordings of the radio transmissions and Officer Obsenica's police report. (Docket No. 81 at 9). This evidence was, however, accepted by the Court over no objection. (Docket No. 32). Federal Rule of Evidence 103(a)(1) provides that:

> A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
> (1) if the ruling admits evidence, a party, on the record:
> (A) timely objects or moves to strike; and
> (B) states the specific ground, unless it was apparent from the context.

FED.R.EVID. 103(a)(1).

Relative to the compact disc, Defendant did not object to the admission of same, (5/30/14 Tr. at 51:25-52:3). The Third Circuit has long held that "[t]he appropriate time to raise an objection is as soon as the party knows or reasonably should know of the grounds for objection, unless postponement is desirable for a special reason and not unfair to the opposition." *Gov't of Virgin Islands v. Archibald*, 987 F.2d 180, 184 (3d Cir. 1993) (citing *United States v. Gibbs*, 739 F.2d 838, 849 (3d Cir. 1984) (en banc), *cert. denied*, 469 U.S. 1106 (1985)). Usually, the grounds for objection become apparent "as soon as the question is asked, since the question is likely to indicate that it calls for inadmissible evidence." *Id.* (citing C. MCCORMICK, ON EVIDENCE § 52, at 201 (4th ed. 1992)). Defendant's objections to the above-described evidence were first raised in the present Motion, more than five months after the exhibits' admission into evidence. Having presented no reason to support such a delay, the Court finds that he has waived his right to object to this testimonial and documentary evidence.

In terms of Officer Obsenica's report, Defendant moved its admission.[5] (5/30/14 Tr. at 43:24-25); (Docket No. 32, 32-4). Given same, any objection he has relative to the introduction of this report is waived and, at this stage, also untimely. *See, e.g. Munn v. Morris*, 2013 WL

---

[5] The Court also notes that Defendant's able stand-by counsel was present at these proceedings. (Docket Nos. 32, 56-1); (5/30/14 Tr. at 2:11-13).

4442031, at *1 (W.D. Ark. Aug. 16, 2013) *aff'd*, 557 F. App'x 640 (8th Cir. 2014) ("Plaintiff cannot object to his own evidence."); *KB Home v. Antares Homes, Ltd.*, 2008 WL 4692837, at *5 (N.D. Tex. Oct. 23, 2008) (finding Plaintiff's untimely objection to its own exhibit to be waived).

Defendant has set forth no basis for this Court to require the Government to further establish the authenticity of the compact disc and Officer Obsenica's report, other than his persistent accusations that R.N. does not exist. Moreover, the Government has noted that it will comply with the Federal Rules of Evidence during the course of Defendant's prosecution. (Docket No. 83 at 8). For the above reasons, Defendant's Motion for Judicial Notice is denied. Should additional evidentiary issues arise during the trial in this matter or other proceedings, the Court will make its rulings in due course.

## VI. MOTION TO DISMISS FOR SPEEDY TRIAL ACT VIOLATION

Lastly, Defendant moves to dismiss this case for violation of the Speedy Trial Act. (Docket No. 81 at 9-10). The Speedy Trial Act provides that Defendant's trial must commence within seventy days from the filing date and making public of the Indictment or from the date Defendant appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). However, Defendant fails to take into account the Motions he has brought and the Court's consideration of same. To that end, the Court points to 18 U.S.C. § 3161(h)(1)(D), which provides that any period of delay that is caused "from any pretrial motion from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" suspends the running of the seventy day period. *See United States v. Dinzey*, 423 F. App'x 224, 226 (3d Cir. 2011); *United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006).

Defendant's initial appearance took place on March 13, 2014. (Docket Nos. 9, 10, 11). Defendant filed a Motion to Suppress evidence on March 27, 2014, (Docket No. 18), thus tolling the running of the Speedy Trial Act clock. Although this Court denied the motion on August 29, 2014, (Docket No. 61), the Speedy Trial Act clock was not set back in motion, due to Defendant's then pending Motion to Dismiss, (Docket No. 31).[6] Further, Defendant has continued to file pretrial motions, (Docket Nos. 72, 81), despite a Court ordered prohibition. (Docket No. 57). *See United States v. Claxton*, 766 F.3d 280, 295 (3d Cir. 2014) (discussing excusable delay as a result of a defendant's myriad motions); *see also United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006). The most recent Motion, filed on November 4, 2014. (Docket No. 81), to which the Government responded on November 12, 2014, is the subject of the present Memorandum Opinion.

In light of the procedural history in this case and pertinent case law interpreting Speedy Trial rights in the context of consideration of pretrial motions, it is clear that Defendant's Speedy Trial Act rights have not been violated. As such, Defendant's Motion, (Docket No. 81), is denied, with prejudice.

## VII. CONCLUSION

Based on the foregoing, Defendant's Motion for Government to Produce Statement Made by Witness, (Docket No. [23]), Motion to Take Judicial Notice, (Docket No. [81]), Motion for *Brady* Material, (Docket No. [30]), and Motion to Preserve and Produce, (Docket No. [53]) are denied.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

---

[6] Said Motion has since been decided. *See* (Docket No. 84).

cc/ecf: All counsel of record.

       Michael Tyrone Waller (USM # 30240-068)
       Butler County Prison
       202 S. Washington Street
       Butler, PA 16001