# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 14-40 |
| | ) | Judge Nora Barry Fischer |
| MICHAEL TYRONE WALLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 3rd day of February, 2015, upon consideration of Defendant's Motion to Dismiss Indictment for Miscarriage of Justice and False Information, (Docket No. 99), which this Court construes as a Motion for Reconsideration, (Docket No. 111 at 33:10),[1] the Government's Response, (Docket No. 102), the contents of the January 20, 2015 Status Conference/Argument as to whether a hearing on said Motion is warranted, (Docket No. 105), and the transcript of said proceedings, (Docket No. 111),

IT IS HEREBY ORDERED that, for the reasons that follow, the Court will convene an evidentiary hearing on said Motion, (Docket No. 99), on **February 9, 2015 at 9:30 a.m.**

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.,* 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey,* 2011 WL 748152, at *2 (W.D.Pa. Feb.15, 2011) (citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, *see Berry v. Jacobs IMC, LLC,* 99 F. App'x 405, 410 (3d Cir. 2004). The United States Court of Appeals for the Third Circuit explains that:

---

[1] Citations to the January 20, 2015 Status Conference/Argument transcript are herein cited as: (Docket No. 111 at __).

1

> [s]uch motions "are granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier." *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009) (internal citations omitted). Though "[m]otions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants ... to raise their arguments, piece by piece." *Id.*

*United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Perminter*, 2012 WL 642530, at *3 (W.D. Pa. Feb. 28, 2012) (citing *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Hoey,* 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party had the opportunity to raise before the Court's decision, *see United States v. Dupree,* 617 F.3d 724, 732–33 (3d Cir. 2010) (quotations omitted). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey,* 2011 WL 748152, at *2.

Ordinarily, the law of the case doctrine provides that "once an issue has been decided, parties may not relitigate that issue in the same case." *Waldorf v. Shuta*, 142 F.3d 601, 616 n. 4 (3d Cir. 1998). "Occasions will arise, however, when a pretrial denial of a motion to suppress is not binding upon the trial judge. If new facts come to light at trial, the trial judge in the exercise of his discretion may consider anew the suppression issue." *United States v. Dorsett*, 2009 WL 102705, at *4 (D.V.I. Jan. 9, 2009) *aff'd sub nom. United States v. Petersen*, 622 F.3d 196 (3d

Cir. 2010) *and subsequent mandamus proceeding sub nom. In re Dorsett*, 397 F. App'x 776 (3d Cir. 2010) (quoting *United States v. Montos*, 421 F.2d 215, 220 (5th Cir.1970) (citations omitted)).

Here, Defendant moves to dismiss the indictment for "miscarriage of justice and false information" pursuant to Federal Rule of Criminal Procedure 48(b). (Docket No. 99). Rule 48 provides for dismissal only as follows:

> (a) By the Government. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.
> (b) By the Court. The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
>     (1) presenting a charge to a grand jury;
>     (2) filing an information against a defendant; or
>     (3) bringing a defendant to trial.

FED. R. CRIM. P. 48. At the January 20, 2015 Status Conference/Argument, the Government argued that Defendant's Motion does not meet any of the Rule 48 factors for dismissal. (Docket No. 111 at 36:6-9). The Government also claimed that Defendant's allegations do not warrant a hearing on this matter; the Motion is untimely; and he has not submitted the appropriate type of material to permit reconsideration. (*Id.* at 36:10-37:7).

Defendant rebutted that he misunderstood the Rule; he is *pro se* and thus not held to the same standard as a lawyer; and he has new evidence, which he did not have at the suppression hearing, that the officers lied on the stand. (*Id.* at 37:14-19). Defendant further argued that the grand jury transcript, which he read for the first time on January 20, 2015, corroborates the arguments he has been making since the beginning of this case. (*Id.* at 37:24-38:5). To that end, the Court notes that during the January 20, 2015 Status Conference/Argument, Defendant entered into evidence an Affidavit from Tamika McAfee ("McAfee Affidavit"), (Docket No.

3

105-2), which set forth the extent of her observations and statements from the night in question. During the same proceeding, Defendant reviewed a redacted portion of the grand jury testimony of witness R.N. in open Court with his stand-by counsel.[2] (Docket No. 111 at 29:17-22). The Court was also provided with the redacted transcript of R.N., as well as the unredacted transcript of R.N. and the additional witness testimony from grand jury. (*Id.* at 26:19-23). The Court has reviewed said transcripts *in camera*. Neither the Court nor the Defendant had been provided with said grand jury testimony prior to January 20, 2015.

Relative to the instant Motion to Dismiss the Indictment, (Docket No. 99), the Court has construed same as a Motion for Reconsideration of its Memorandum Opinion, (Docket No. 61), denying Defendant's Motion to Suppress, (Docket No. 18). This Court's Practices and Procedures require Motions for Reconsideration to be filed within seven days.[3] However, Defendant contends that when he filed his Motion for Reconsideration, he did so only after he spoke to Ms. McAfee. (Docket No. 111 at 51:10-12). At that point, she agreed to execute an Affidavit, and his family helped to get it notarized. (*Id.* at 111:12-16). The Court notes that pleadings and other submissions by a *pro se* litigants are subject to liberal construction. *Jackson v. Davis*, 2014 WL 3420462 (W.D. Pa. July 14, 2014) (J. Fischer) (citing *Salley v. Secretary Pennsylvania Dept. of Corrections*, 565 F. App'x 77, 81 (3d Cir. 2014); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)). Moreover, the Government has not established that it would be prejudiced by having a hearing on this matter.

As counsel and Defendant are well aware, throughout this case, Defendant, *pro se*, has consistently questioned the constitutionality of the stop of the vehicle in which he was a

---

[2] Defendant was not permitted to keep a copy of the transcript, and he returned same to the Government following his in-Court review. (Docket No. 111 at 61:11-15).The Court does not disclose the contents of said testimony at this time, as grand jury testimony is ordinarily secret. *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).
[3] Section II.M., *Practices and Procedures of Judge Nora Barry Fischer* (eff. Feb. 5, 2013), *available at* . https://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf.

passenger on the night of his arrest for the instant offense. *See, e.g.* (Docket Nos. 18, 23, 30, 31, 53, 72, 81). In those filings and related proceedings, Defendant's arguments focused on R.N.'s existence and the veracity of the information he provided to Officers Obsenica and Rummel. (*Id.*). In denying Defendant's Motion to Suppress, (Docket No. 18), on August 29, 2014, (Docket No. 61), the Court relied on the testimony of those officers, who both testified about what R.N. told them on the night in question. (*Id.*); (Docket No. 41 at 60:23-61:3; 62:10-13; 75:2-10).[4] The Court found both officers to be credible and found that R.N. existed. (Docket No. 61). Hence, the Court held that there was reasonable suspicion to stop the vehicle based on the totality of the circumstances, including the information supplied by R.N. to the officers. (*Id.* at 17-18).

This Court subsequently denied Defendant's Motion to Take Judicial Notice, (Docket No. 81), which it likewise construed as a Motion for Reconsideration of this Court's denial of his Motion to Suppress on December 1, 2014. In doing so, the Court found that Defendant did not meet the stringent standard for reconsideration. (*Id.* at 10) ("In the instant motions practice, Defendant has not presented an intervening change in the controlling law, any new evidence, or any need for this Court to correct a clear error of law or fact or to prevent a manifest injustice.") (citation omitted).

However, since that time, both the Court and Defendant have been provided with new evidence that was not previously available to either, *i.e.* the McAfee Affidavit and grand jury transcripts, which distinguish the instant Motion from Defendant's prior Motions. Accordingly, Defendant now argues that R.N.'s grand jury testimony and Ms. McAfee's proffered testimony contradict the officers' testimony at the suppression hearing, (Docket No. 111at 45:10-19), whereas his prior arguments have focused on whether R.N. actually existed, (Docket Nos. 18, 23, 30, 31, 53, 72, 81).

---

[4] Citations to the May 30, 2014 Motion Hearing transcript are herein cited as: (Docket No. 41 at ___).

Although the standard in evaluating a Motion for Reconsideration is high, the Third Circuit has instructed that evidentiary hearings may be appropriate in situations akin to the one presently before the Court. *See, e.g. United Sates v. Risha*, 445 F.3d 298, 306 (3d Cir. 2006) (remanding to the district court to determine if the Government's withholding of impeachment evidence that was readily available to it warranted a new trial); *United States v. Perdomo*, 929 F.2d 967, 973 (3d Cir. 1991) (remanding to the district court for an evidentiary hearing on the issue of the Government's alleged cover-up of a witness' criminal background); *Gov't of Virgin Islands v. Martinez*, 780 F.2d 302, 306 (3d Cir. 1985) (remanding to district court for an evidentiary hearing to determine if result at trial would have been different if evidence sought by defendant had been disclosed).

After this Court issued its most recent Opinion on Defendant's Pretrial Motions, (Docket No. 86), Defendant contacted Ms. McAfee, spoke with her, and subsequently secured the Affidavit from her. (Docket No. 105-2). Admittedly, Defendant knew of her name on May 30, 2014 and could have secured an Affidavit then. *See* (Docket No. 41 at 59:11) (Officer Obsenica testifying) ("I found victim Tamika McAfee laying on the ground."). However, Defendant was *pro se* at that time and has remained so throughout this case. Further, Defendant informed the Court on January 20, 2015 that he didn't know of her name to investigate or subpoena her until the officers testified using her name. (Docket No. 111 at 39:21-24). This is consistent with the Court's review of the docket.

Despite same, AUSA Lenhardt has claimed that "[e]very newspaper article said who this woman was that was shot" and "[t]he TV said who it was that was shot." (Docket No. 111 at 42:6-7). Notably, the Government has not presented any such documentary evidence to substantiate this assertion nor has this Court's independent research yielded same. Additionally,

the Court points out that Defendant has been incarcerated since his arrest on the night in question, limiting his ability to undertake an investigation in support of his claims.[5]

In reaching the decision to convene an evidentiary hearing in this matter, the Court is mindful that, under *Giglio v. United States*, the Government must disclose to Defendant materials that might affect the jury's judgment of the credibility of a crucial prosecution witness. 405 U.S. 150, 154 (1972) (citing *Napue v. Illinois*, 360 U.S. 264, 271 (1959); *United States v. Hill*, 976 F.2d 132, 134-35 (3d Cir. 1992) (citing *Giglio*). For such disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), the evidence must be both exculpatory and material. *Id.*; *Hill*, at 135 (citing *United States v. Higgs*, 713 F.2d 39 (3d Cir. 1983) *cert. denied*, 464 U.S. 1048 (1984)).

In *Hill*, the United States Court of Appeals for the Third Circuit addressed a similar issue: whether Defendant's cross examination of the Government's witness would have been more effective had he been able to impeach him at trial with grand jury testimony of two Government agents. *Hill*, 976 F.3d 132. In doing so, the Court examined the alleged inconsistencies between the trial and grand jury testimony to "decide whether it could have been used by defendant at trial to create a reasonable doubt" as to the Government witness' "credibility that did not otherwise exist." *Id.* at 136. Ultimately, the Court held that the grand jury testimony did not contain any new impeachment material, as Defendant was in possession of the agents' reports, which he conceded "tracked the hundreds of pages of their reports 'nearly verbatim.'" *Id.* at 135, 142.

---

[5] AUSA Lenhardt argued that Defendant could have filed a Motion and hired an investigator through his stand-by counsel. (Docket No. 111 at 46:20-22). This is true. *See* Guidelines for Administering the CJA and Related Statutes, § 320 Authorization of Investigative, Expert, and Other Services, *available at* http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/vol7PartA/vol7PartAChapter3.aspx#320.

In light of the above and based on the Court's review of the described grand jury transcripts and the McAfee Affidavit, in this Court's estimation and in the interests of justice, a hearing on Defendant's Motion for Reconsideration is warranted. At said hearing, Defendant may present evidence to challenge the previous testimony that was offered by the Government and relied upon by this Court in its Opinion denying the Suppression Motion. (Docket No. 61). The Court points out that, in its discretion, it could convene this separate hearing or hear arguments on Defendant's Motion for Reconsideration of the Suppression issue at trial. *Dorsett*, 2009 WL 102705 at *4. However, given Defendant's pending Objection to Waiver of Trial by Jury, (Docket No. 107), and the lack of a date certain for trial, in this Court's estimation, the interests of justice necessitate a separate hearing. *See* FED.R.CRIM.P.2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").

The Court emphasizes that it is **not** granting Defendant's Motion for Reconsideration; rather, it is scheduling an evidentiary hearing on same. The Court will only entertain evidence as it relates to the pending Motion for Reconsideration of this Court's Opinion denying Defendant's Motion to Suppress. Defendant is reminded that, although he is proceeding *pro se*, all of the Court's practices and procedures continue to apply. *See Sykes v. Blockbuster Video*, 205 F. App'x 961(3d Cir. 2006) (pro se plaintiff who claimed he did not receive the court's order directing him to comply with the requirements of FED.R.CIV.P. 4 failed to establish "good cause" for failing to effectuate service in a timely manner; plaintiff "was still expected to comply with the rules of procedure, as are all litigants, whether they are represented by counsel or not"); *United States v. Henry*, 2007 WL 879007, at *2 (E.D. Pa. Mar. 21, 2007) (denying *pro se*

defendant's motions as they were untimely and did not follow the Court's procedure for filing *pro se* motions).

In sum, in light of the McAfee Affidavit, this Court's *in camera* review of the grand jury transcripts, and the pertinent filings in this case, the Court will convene an evidentiary hearing on Defendant's Motion to Reconsider (Docket No. 99) on **February 9, 2015 at 9:30 a.m.** PRESENCE OF DEFENDANT AT SAID PROCEEDING IS REQUIRED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

Michael Tyrone Waller (USM # 30240-068)
Butler County Prison
202 S. Washington Street
Butler, PA 16001