**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 14-40 |
| | ) | Civil Action No. 18-42 |
| MICHAEL TYRONE WALLER, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I. **Introduction**

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("§ 2255 Motion") filed by *pro se* Defendant Michael Tyrone Waller ("Defendant") (Docket No. 171), which is opposed by the Government (Docket Nos. 177, 182). Defendant claims that his counsel was ineffective and seeks to vacate his sentence of 120 months' incarceration for being a felon in possession of a firearm and ammunition. (Docket Nos. 171, 175, 180). For the following reasons, Defendant's § 2255 Motion will be denied.

II. **Background and Procedural History**

On February 18, 2014, Defendant was charged in a one-count Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docket No. 1). Defendant represented himself, with the aid of Attorney Martin Dietz as standby counsel, through the majority of the pretrial proceedings in this case, including at a suppression hearing held on April 25 and May 30, 2014. (Docket Nos. 26 and 32). On August 29, 2014, the Court denied Defendant's motion to suppress the firearm police obtained as a result of their interactions with him in the early morning of February 4, 2013. (Docket No. 61). The Court found that: (1)

the stop of the vehicle in which Defendant was riding was constitutional; and (2) Defendant was not seized for Fourth Amendment purposes until after he was forcibly removed from the vehicle, maced and tased. (Id.; Docket No. 122 at 1). Defendant subsequently moved for reconsideration of the decision, which the Court denied on March 16, 2015. (Docket No. 122).

During a colloquy with the Court on March 19, 2015, Defendant officially retained Attorney Dietz to represent him. (Docket No. 128). On that same date, Defendant knowingly and voluntarily waived his right to a jury trial and consented to proceed with a non-jury trial. (Docket No. 129). Attorney Dietz represented Defendant through the trial and post-trial proceedings.

On April 14, 2015, the Court conducted a non-jury trial. (Docket No. 132). During the trial, Defendant orally renewed his motion to suppress, which the Court denied, finding that no evidence presented during the Government's case-in-chief caused the Court to change its opinion. (Id.; Docket No. 134 at 46:11–51:8).

On July 9, 2015, the Court issued a Memorandum Opinion setting forth its findings of fact and conclusions of law. (Docket No. 138). The Court found that the Government proved, beyond a reasonable doubt, that Defendant was guilty of violating 18 U.S.C. § 922(g)(1) as charged in the Indictment, and a judgment of guilty was entered against him. (Id. at 3, 10; Docket No. 139).

Prior to sentencing, Defendant raised two objections to the Presentence Investigation Report: (1) the 4-level enhancement under U.S.S.G. § 2K2.1(b)(4)(B) was inapplicable because he did not possess a second firearm with an obliterated serial number, and that firearm was not relevant conduct as to him; and (2) the 4-level enhancement under § 2K2.1(b)(6)(B) also was inapplicable because he did not possess a firearm in connection with another felony offense, even though it was on his person when he engaged with police officers. (Docket No. 147 at 1-2). The Court overruled both of Defendant's objections in its Tentative Findings and Rulings, which were

later adopted at the sentencing hearing held on November 6, 2015. (Docket No. 150 at 3-7; Docket No. 153). The Court sentenced Defendant to a term of 120 months' imprisonment[1] followed by a three-year term of supervised release. (Docket Nos. 153, 154).

Defendant subsequently filed a direct appeal limited to the denial of his suppression motion, and the United States Court of Appeals for the Third Circuit affirmed this Court's judgment on November 8, 2016. (Docket No. 167).

On January 9, 2018, Defendant filed a *pro se* § 2255 Motion claiming that Attorney Dietz was ineffective because: (1) he failed to subpoena the Government's "key witnesses," R.N. and Tamika McAfee, during pretrial and trial proceedings; and (2) he failed to object to sentencing enhancements under U.S.S.G. §§ 2K2.1(b)(4)(b) and (b)(6)(B). (Docket No. 171 at 4, 5, 7; Docket No. 175 at 1, 7, 13, 15).

On January 10, 2018, the Court entered its standard order pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising Defendant that all federal constitutional claims had to be included in a single habeas corpus petition and of his right to: (1) withdraw the pending motion and file one new, all-inclusive § 2255 motion setting forth every ground which may entitle him to relief from his conviction and sentence, provided that such motion is timely; (2) amend the § 2255 motion presently on file to include any additional claims or materials he wished to raise; or (3) choose to proceed with the motion as filed. (Docket No. 174 at 1-2). The order specified that Defendant was required to notify the Court in writing of his choice within 30 days of the date of the order. (Id. at 2). If Defendant did not respond within that time, the Court would proceed to decide the § 2255 Motion as filed. (Id.). Defendant did not respond to the Court's Miller notice,

---

[1] Defendant had a total offense level of 30 and a criminal history category of V, which resulted in an advisory guidelines range of 151 to 188 months' imprisonment. (Docket No. 150 at 9). Pursuant to U.S.S.G. § 5G1.1(a), the advisory guidelines range was required to be reduced to the statutory maximum term of 120 months' imprisonment. (Id.).

3

but rather filed a Memorandum of Law in Support of the § 2255 Motion on January 24, 2018. (Docket No. 175).

On February 15, 2018, the Government filed a response arguing that Defendant is not entitled to § 2255 relief on any of his claims. (Docket No. 177). Defendant was ordered to file a reply by March 23, 2018. (Docket No. 179). Instead, on March 27, 2018, Defendant filed a "Motion for Leave to Amend 2255 Petition With Attached Affidavit of Facts,"[2] in which he raised three additional grounds for relief (the "Amendment"). (Docket No. 180). Defendant claims that Attorney Dietz was ineffective for failing to subpoena R.N. and Tamika McAfee to testify at trial, he alleges an unspecified violation of his civil rights, and he further asserts a claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government filed a response to the Amendment on April 4, 2018, arguing that the claims are untimely and otherwise are without merit. (Docket No. 182). The matter is now ripe for review.

**III.    Legal Standard**

A prisoner in federal custody may move to vacate his sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As a collateral challenge, a motion under § 2255 is "reviewed much less favorably than a direct appeal of the sentence." United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). Section 2255 relief "is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" Id. (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

A district court must order an evidentiary hearing in a federal habeas case if a defendant's

---

[2]    There was no "Affidavit of Facts" attached to the Amendment, but Defendant separately submitted an affidavit from Tamika McAfee. (Docket No. 183).

§ 2255 allegations raise an issue of material fact. United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. United States v. Costanzo, 625 F.2d 465, 470 (3d Cir. 1980); see also United States v. Tolliver, 800 F.3d 138, 140-41 (3d Cir. 2015). If a hearing is not held, the district judge must accept the defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." Gov't of Virgin Islands v. Bradshaw, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). The Court finds no need for an evidentiary hearing in this case because the record conclusively establishes that Defendant is not entitled to relief.

## IV. Timeliness of the § 2255 Motion and the Amendment

Section 2255 motions are subject to a one-year period of limitation. Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999). Generally, the limitation period begins to run on "the date on which the judgment of conviction becomes final."[3] 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final within the meaning of § 2255 "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral, 166 F.3d at 577.

---

[3] Section 2255(f) provides that the one-year limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or federal law is removed, if the movant was prevented from making a motion by such action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1) - (4). There are no circumstances present in this case that warrant the application of §§ 2252(f)(2), (f)(3) or (f)(4).

Here, Defendant filed a direct appeal to the Third Circuit Court of Appeals, which affirmed this Court's judgment on November 8, 2016. (Docket No. 167-2). Defendant did not file a petition for a writ of certiorari with the United States Supreme Court appealing the Court of Appeals' decision, and his time to do so expired on February 6, 2017. See Kapral, 166 F.3d at 570-71 (a defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari). Therefore, the one-year statute of limitations for Defendant's § 2255 Motion began to run on February 6, 2017, the date when his judgment of conviction became final, and expired one year thereafter on February 6, 2018.

The Government agrees that Defendant's § 2255 Motion was timely filed on January 9, 2018, but argues that his Amendment, which was filed on March 27, 2018, is untimely and must be dismissed. (Docket No. 177 at 2; Docket No. 182 at 2-4). The Government is correct that the Amendment is untimely because it was filed 49 days after expiration of the one-year limitation period. Although untimely, the Court will address one claim raised in the Amendment because it relates back to an original claim in the § 2255 Motion, but the other two claims do not relate back and they will not be considered.

A petitioner who has filed a timely § 2255 motion may not amend it to raise new claims after expiration of the one-year limitation period. See United States v. Duffus, 174 F.3d 333, 336-37 (3d Cir. 1999). However, the "relation back" principle of Federal Rule of Civil Procedure 15 applies to § 2255 motions, and "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005). This means that a new claim only may be raised in an untimely amended motion if it "arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Hodge v. United States, 554 F.3d 372, 377 (3d Cir. 2009) (quoting

Fed. R. Civ. P. 15(c)(1)(B)).  However, relation back of a new, untimely § 2255 claim is impermissible if it is "supported by facts that differ in both time and type from those the original pleading set forth."  Id. at 378 (quoting Mayle, 545 U.S. at 650).

Defendant asserts three claims in his Amendment: (1) Attorney Dietz was ineffective for failing to subpoena R.N. and Tamika McAfee to testify at trial ("Claim 1"); (2) his civil rights were violated in some unspecified manner ("Claim 2"); and (3) an Apprendi violation allegedly occurred ("Claim 3").  (Docket No. 180 at 3-4).  The Government argues that none of these claims relate back to those set forth in Defendant's § 2255 Motion.  (Docket No. 182 at 4).  The Court agrees as to Claims 2 and 3, but concludes that relation back applies to Claim 1.

As a pro se litigant, the Court affords Defendant the benefit of doubt and finds that Claim 1 of the Amendment and the claim in the § 2255 Motion alleging counsel's failure to subpoena witnesses "during pre-trial or **trial proceedings**" are tied to a common core of operative facts.  (Docket No. 171 at 4; Docket No. 180 at 3) (emphasis added).  Relation back is appropriate as to Claim 1 because Defendant asserts that Attorney Dietz failed to subpoena R.N. and Tamika McAfee to trial and he referred to "trial proceedings" in the § 2255 Motion, even though his primary complaint was counsel's alleged failure to subpoena those individuals to the suppression hearing.  See Docket No. 171 at 4; Docket No. 175 at 1, 7-12.  As explained below, however, Defendant is not entitled to relief on this or any other claim of ineffective assistance of counsel.

Claims 2 and 3 in the Amendment regarding an unspecified civil rights violation and a purported Apprendi[4] violation involve allegations that differ from the claims raised in the § 2255

---

[4] In Apprendi, the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  Apprendi, 530 U.S. at 490.  To the extent Defendant claims that the statutory maximum term of imprisonment was increased by virtue of the sentencing enhancements that he contests, Defendant is incorrect.  The statutory maximum for Defendant's offense of conviction is 10 years' imprisonment, and he was not sentenced to a term in excess of that amount.  See 18 U.S.C. § 924(a)(2).

Motion concerning counsel's alleged failure to subpoena witnesses and object to certain sentencing enhancements. Nothing suggests that Claims 2 and 3 arose out of the conduct, transaction or occurrence set out in the § 2255 Motion. Therefore, those untimely claims do not relate back to the original claims and they will not be considered.[5]

V.     **Discussion**

Defendant contends that Attorney Dietz was ineffective because: (1) he failed to subpoena R.N. and Tamika McAfee for pretrial and trial proceedings; and (2) he failed to object to the application of sentencing enhancements under U.S.S.G. §§ 2K2.1(b)(4)(B) and (b)(6)(B). In order to prevail on a claim that counsel rendered constitutionally ineffective assistance, a petitioner must demonstrate: (1) that counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must establish both prongs of the inquiry, for "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

The deficient performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. This requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Id. at 688. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney

---

[5]     Even if Defendant's civil rights and Apprendi claims were timely, they are vague and difficult to decipher and, thus, insufficient to establish entitlement to § 2255 relief. See Thomas, 221 F.3d at 437 ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court").

8

unless they are unreasonable. Id. at 689-90.

If deficient performance is established, the second prong of the Strickland analysis requires a showing that counsel's deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To do so, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The assessment cannot be based upon generalities but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [finding] of guilt." Flamer v. State of Delaware, 68 F.3d 710, 729 (3d Cir. 1995) (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Defendant is not entitled to § 2255 relief because he has not shown that Attorney Dietz's performance was deficient under Strickland. First, Defendant's claim that Attorney Dietz was ineffective for failing to subpoena R.N. and Tamika McAfee to the suppression hearing lacks merit[6] because Defendant represented himself at that time and Attorney Dietz was acting as standby counsel. See United States v. Tilley, Cr. No. 6-222, 2011 WL 673914, at *3 (W.D. Pa. Feb. 17, 2011) ("because there is no constitutional right to standby counsel, ineffective assistance of standby counsel does not constitute grounds for attacking a conviction or sentence"). If Defendant wished to subpoena witnesses to testify at the suppression hearing, it was his responsibility to do so. See Awala v. United States, 677 F. Supp. 2d 734, 738 (D. Del. 2009)

---

[6] In addition, this argument essentially is Defendant's attempt to re-litigate under the guise of ineffective assistance of counsel his suppression argument, which he previously litigated before this Court and raised on direct appeal. See e.g., Docket No. 175 at 11 (claiming if R.N. and Tamika McAfee had been subpoenaed to testify at the suppression hearing, "it would have shown that the suppression should have been granted and no trial would have ensued."). Defendant's effort to once again challenge the denial of his suppression motion is impermissible because a § 2255 motion may not be employed to re-litigate issues that were resolved in a prior direct appeal. United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). Therefore, the claim also could be dismissed as previously having been litigated.

(finding that standby counsel was not ineffective for allegedly failing to secure expert witness testimony for trial where the defendant represented himself until closing argument). Having elected to represent himself during pretrial proceedings, Defendant cannot now "complain that the quality of his own defense amounted to a denial of effective assistance of counsel." Faretta v. California, 422 U.S. 806, 834 n.46 (1975).

Next, Attorney Dietz was not ineffective for failing to subpoena R.N. and Tamika McAfee to testify at trial. The decision whether to present certain witness testimony is a tactical one, and Attorney Dietz may have reasonably concluded that the testimony of those individuals was not relevant to the issue at trial of whether Defendant knowingly possessed the firearm and ammunition. The Court will not second-guess this tactical decision, which Attorney Dietz no doubt made after exercising his professional judgment about which strategy would produce the greatest likelihood for success at trial. See Strickland, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]").

Finally, Attorney Dietz's performance at sentencing was not deficient, despite Defendant's claim that he failed to object to certain enhancements used to calculate his advisory guidelines range. Prior to sentencing, Attorney Dietz filed written objections to the applicability of the sentencing enhancements under U.S.S.G. §§ 2K2.1(b)(4)(B) and (b)(6)(B), but the Court overruled the objections. (Docket Nos. 147, 150). At the sentencing hearing, Attorney Dietz reiterated those objections and the Court noted that they had been ruled upon. (Docket No. 159 at 7:3-7:13). Although Defendant may disagree with the Court's ruling that the enhancements applied, his complaint that Attorney Dietz failed to object to them is incorrect.[7]

---

[7] Defendant does not contend that Attorney Dietz was ineffective for failing to raise on appeal the applicability of the sentencing enhancements to the calculation of his advisory guidelines range. See Docket No. 171 at 5, 7; Docket

For the reasons discussed, the Court finds that Attorney Dietz's performance was not deficient. Even if Defendant could demonstrate deficient performance, the Court concludes that he has failed to show that he was prejudiced under Strickland – i.e., a reasonable probability that, had counsel not committed the errors Defendant now claims, the outcome of the case would have been different. Because Defendant has failed to establish deficient performance by counsel and resulting prejudice, the Court finds that his claims of ineffective assistance of counsel lack merit.

VI.     **Conclusion**

For the reasons explained herein, Defendant's § 2255 Motion and Claim 1 of the Amendment fail to raise any meritorious claim and will be denied. Claims 2 and 3 of the Amendment are untimely, do not relate back to Defendant's original claims and will not be considered. Moreover, the Court concludes that Defendant has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: July 18, 2018
cc/ecf: All counsel of record
         Michael Tyrone Waller (via U.S. mail)
         USMS # 30240-068
         N.E.O.C.C.
         2240 Hubbard Road
         Youngstown, OH 44505

---

No. 175 at 2, 3, 4, 12, 14 (claiming that counsel was ineffective **at sentencing** for failing to object to the applicability of §§ 2K2.1(b)(4)(B) and (b)(6)(B)).

11